PEOPLE ex rel. MENGIONE v. BRIGGS, Superintendent State Agricultural and Industrial School.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

INFANTS (§ 16*)—PROTECTION—REFORMATORIES—PROCEEDINGS FOR COMMIT-
MENT—NOTICE TO PARENTS—NECESSITY.

Penal Law (Consol. Laws, c. 40) § 486, allows any child under 16 years old, found doing certain acts, to be arrested and brought before a magistrate, and to be committed to any charitable reformatory as provided. Subdivision 5 provides that whenever any child is committed, and it appears from the commitment that either parent, or any guardian of the child, was present at the examination before the magistrate, or had such notice thereof as was deemed sufficient by him, no further notice required by any local statute shall be necessary. Subdivision 8 requires any child convicted to be finally committed to some such institution and not to any jail longer than is necessary for its transfer thereto. Held, that the statutes did not require notice to the parents or guardian of a child under 16 years old before conviction and sentence of such child to a state reformatory, and, in absence of statute, notice of the proceedings to the parents or guardian was unnecessary.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 16.*]

Appeal from Monroe County Court.

Application for habeas corpus by the People, on relation of Giuseppe Mengione, against Franklin H. Briggs, Superintendent of the State Agricultural and Industrial School. From an order dismissing the writ, relator appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Smith O'Brien, for appellant.
Charles B. Bechtold, Asst. Dist. Atty., for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, J. Angelo Mattruccio, the relator's nephew, was convicted of the crime of petit larceny on the 16th day of June, 1909, by a justice of the peace in Montgomery county, and committed by the magistrate to the State Agricultural and Industrial School under the provisions of the statute relating to that institution. At the time of his conviction and commitment the boy was 15 years of age. Neither of his parents nor any guardian or custodian of the child was present at the examination before the magistrate, and none of them had any notice thereof.

It is contended on his behalf that the magistrate did not have jurisdiction to proceed with the examination, and convict and commit the boy, in the absence of either of his parents or a guardian or custodian of the boy without such notice. That contention seems to be based upon certain provisions of section 486 of the penal law (Consol. Laws, c. 40), relating to children. The section provides, among other things, that any child actually or apparently under the age of 16 years who is found doing certain prohibited acts, or comes within certain descriptions therein referred to, must be arrested and brought before a proper court or magistrate, and may be committed to any incorporated charitable reformatory or other institution, as therein provided. The particular provisions in that section to which counsel for the relator calls attention are contained in subdivisions 5 and 8, and are as follows:

"(5) * * * Whenever any child shall be committed to an institution under this chapter, and the warrant or commitment shall so state, and it shall appear therefrom that either parent, or any guardian or custodian of such child, was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient, no further or other notice required by any local or special statute, in regard to the committal of children to such institution, shall be necessary, and such commitment shall in all respects be sufficient to authorize such institutions to receive and retain such child in its custody as therein directed. * * : *

"(8) * . * * Any such child convicted of any misdemeanor shall be finally committed to some such institution and not to any prison or jail, or penitentiary, longer than is necessary for its transfer thereto."

Those provisions do not contain any requirement at all making it necessary that a parent or guardian or custodian of the child shall be present or have notice of the examination; but simply provide that such presence or notice, as therein stated, shall be sufficient, without regard to the provisions of any local or special statute.

As is pointed out by the learned county judge in his able opinion, the charters of certain institutions require such notice to be given; but no such requirement exists in the charter of this institution. No statute containing such a requirement, applicable to the institution to which the boy was committed, has been called to our attention, and we know of none. In the absence of any such statute, the magistrate could proceed with the trial of the accused and convict and commit him without one of his parents or other legal custodian of the boy being present, or having any notice of the proceedings.

The learned county judge has so fully discussed the question in its various aspects that further discussion upon our part is unnecessary.

We agree with him that the boy was properly committed. The writ of habeas corpus was therefore properly dismissed, and the order to that effect should be affirmed. All concur.